```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

UNITED STATES OF AMERICA      )
                              )
        v.                    )   CRIMINAL NO. 2:05 CR 124
                              )
OSCAR MILLER                  )
```

### DETENTION ORDER AND OPINION

At the August 22, 2005 initial appearance, the government requested that the defendant, Oscar Miller, be held without bond. A detention hearing was conducted on August 25, 2005, and the court now makes the following findings of fact:

1. The defendant currently is charged in a two count indictment with violations of 21 U.S.C. ßß 841(a)(1) and 846.  If convicted, the defendant faces a maximum sentence of 20 years imprisonment.

2. At the detention hearing, the government relied upon the indictment and the prebond report prepared by the United States Probation Department.  The defendant proffered evidence.

3. On June 13, 2005, a confidential informant purchased 4.4 grams of crack cocaine from the defendant.

4. On May 3, 2005, the defendant was arrested for possession of cocaine, and a charge was filed in the Lake County Superior Court.  On May 12, 2005, the defendant was released on bond.  Therefore, the controlled buy occurred while the defendant was on bond in state court.

5.  On August 22, 2005, the defendant was convicted of the possession of cocaine charge and placed on probation for one year.

6.  The defendant has been arrested on eight other occasions including charges of armed robbery and battery.  The Probation Department was unable to determine the status of those cases prior to the detention hearing.

7.  The defendant has failed to appear in traffic court on seven different occasions.

8.  The defendant is a member of the Gangster Disciple street gang.

9.  The defendant is unemployed and receiving social security disability benefits.

10.  In the prebond report, the defendant admitted to using marijuana.  In the proffer, the defendant denied using marijuana on a regular basis and denied using any other controlled substances.

Under 18 U.S.C. ß3142(e), a rebuttable presumption exists that a defendant is a danger to the community if he is charged with a narcotics offense where the penalty is at least ten years imprisonment.  In **United States v. Anderson**, 72 F.3d 563 (7th Cir. 1995), Circuit Judge Daniel Manion stated in a concurring opinion:

> Illegal drugs such as cocaine, the product Anderson chose to sell, are dangerous, addictive, and destructive to the user.  Sellers viciously fight over customers and selling territory.  We have consistently held that guns are typical tools of this dangerous

> trade.  In short, while "not all drug offens-
> es are violent," the drug trade and culture
> are inherently violent.  Users will rob and
> maim to obtain money for their next purchase.
> Street sellers and large quantity distribu-
> tors alike inflict wanton violence upon com-
> petitors and traitors.
>
> 72 F.3d at 567

See also **United States v. Thompson**, 286 F.3d 950, 960 (7th Cir. 2002) (The Court of Appeals commented on the relationship between weapons and narcotics trafficking because "of the violent nature of the drug business"); **United States v. Hernandez-Rivas**, 2003 WL 22455959 (7th Cir. 2003)(cocaine trafficking is "a crime infused with violence"); **United States v. Johnson**, 170 F.3d 708, 719 (7th Cir. 1999) ("No one disputes that drugs are a scourge on society, especially on the lives of those who live in the midst of the dangerous drug culture"); **United States v. Stowe**, 100 F.3d 494, 499 (7th Cir. 1996) ("drug dealing is a crime infused with vio-lence").

Miller is charged with distributing crack cocaine.  In **United States v. Lawrence**, 951 F.2d 751 (7th Cir. 1991), the Court of Appeals stated:

> Drug use is a cancer that threatens society,
> particularly in the form of increased crimi-
> nal activity.  The highly addictive nature of
> crack, its growing availability, and relative
> low cost all serve to increase the risks
> associated with its use.
>
> 951 F.2d at 755

See also **United States v. Thornton**, 197 F.3d 241, 246 (7th Cir. 1999) ("The drug of choice is invariably cocaine, often in its most addictive form as crack"); **United States v. Robinson**, 164

3

F.3d 1068, 1071 n.1 (7th Cir. 1999)(the Court of Appeals noted that "the testimony at trial clearly established that [the defendant] distributed crack, not some less devastating species of cocaine"); **United States v. Booker**, 70 F.3d 488, 494 n.24 (7th Cir. 1995) ("more violence is associated with the distribution of crack than powder cocaine (often because the crack market attracts younger, presumably more crime-prone sellers.)") (internal quotation marks omitted); **United States v. Jones**, 54 F.3d 1285, 1294 (7th Cir. 1995) (expressing concern "about the heightened addictiveness and dangerousness of cocaine base as compared to ordinary cocaine").

   The government has demonstrated by clear and convincing evidence that Miller is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e) Although the defendant only is charged with one controlled sale of crack cocaine, the sale occurred while he was on bond for state possession of cocaine charges.

   On August 22, 2005, the defendant pled guilty to possession of cocaine.  In the prebond report, the defendant denied using any controlled substance besides marijuana.  Based upon the state court conviction, either the defendant lied to the Probation Department or was possessing the cocaine for distribution.

   The defendant is unemployed and receiving social security benefits.  He also has filed to appear in traffic court on seven different occasions.

4

The defendant is a member of the Gangster Disciple street gang. *See generally* **United States v. Jemison**, 237 F.3d 911, 918 (7th Cir. 2001) ("judges and the public are not blissfully ignorant of the connection between criminal violence and street gangs"). Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**. 18 U.S.C. ß 3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 30th day of August, 2005

s/Andrew P. Rodovich
United States Magistrate Judge